**Grady STUMBO, Secretary, Department for Human Resources, Appellant,**

v.

**Larry FIELDS, Appellee.**

Court of Appeals of Kentucky.

July 16, 1982.

Paul F. Fauri, Gen. Counsel, Kay E. Sauer, Deputy Counsel, Dept. for Human Resources, Frankfort, for appellant.

Stephen M. Krumm, Northeast Kentucky Legal Services, Ashland, for appellee.

Before HAYES, C. J., and GANT and McDONALD, JJ.

HAYES, Chief Judge:

Grady Stumbo, Secretary of the Department for Human Resources appeals a judgment of the Carter Circuit Court which reversed an order of the appeal board affirming a hearing officer's decision to the effect that Larry Fields was not incapacitated and therefore not eligible for Aid to Families with Dependent Children.

Fields applied for the public assistance on March 17, 1980. Fields's application was based on his claim that his physical condition prevented him from providing for his children's necessities of life. His application was denied and he requested an administrative hearing to review the decision. At the hearing, various testimony was introduced. After having considered the medical reports and the testimony, the hearing officer made recommendations that were consistent with the initial denial. The appeal board which then reviewed the hearing officer's ruling, affirmed the denial of benefits. Fields then appealed to the circuit court which reversed the administrative decision and directed that Fields be awarded the sought after benefits.

The judgment of the circuit court recited that the administrative decision was not supported by sufficient probative evidence. The trial court further found that the record contained sufficient probative evidence of Fields's medical condition to make him eligible for the incapacity benefits. Human Resources then brought this appeal.

The evidence presented by Fields was to the effect that as the result of a back injury suffered in a work-related truck accident, Fields was permanently injured. Because certain tests were not performed there was no conclusive proof of the basis of the pain which Fields suffered. One doctor reported that Fields suffered from pain and was permanently injured. The report also stated that Fields was probably experiencing nerveroot pressure. The report did not identify the cause of Fields's pain.

We believe this case falls within the category of those discussed in *Dawson v. Driver*, Ky., 420 S.W.2d 553 (1967). *Dawson* states that in certain instances no evidence is required in support of a negative finding. One of the instances is where the claimant's evidence is not "sufficiently persuasive to require a favorable finding as a matter of law." *Id.* at 555.

Fields had the burden of proving that he was incapacitated which is defined as being unable to work in any job which is accessible. First, the proof of Fields's back injury while persuasive, was not such as would entitle him a favorable finding as a matter of law. Second, Fields had the burden of demonstrating the inaccessibility of work as an element of incapacity. There is certainly no conclusive evidence of the second element in the record. On the record before us, we are of the opinion that the denial of benefits was not arbitrary or an abuse of discretion. The trial court erred in substituting its judgment for that of the appeal board.

The judgment is reversed with directions that the order of the appeal board be confirmed.

All concur.